IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANNA J. SHAW, )
)
        Plaintiff, )
)
v. ) Case No. 18-2513-CM-GEB
)
T-MOBILE, )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3) and Motion for Appointment of Counsel (ECF No. 4). For the reasons outlined below, Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 3**) is **GRANTED** and her Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED without prejudice**.

**I.    Motion to Proceed *In Forma Pauperis* (ECF No. 3)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. Apr. 23, 1999)).

otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews that party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3] In her application and financial affidavit (ECF No. 3, 3-1, 3-2, *sealed*), Plaintiff indicates she is currently unemployed, and a single parent to young children. She possesses minimal assets, and her monthly expenses exceed her monthly income. In keeping with the Court's liberal policy toward permitting proceedings *in forma pauperis*,[4] and after careful review of Plaintiff's Motion and Affidavit of Financial Status (ECF No. 3, 3-1, 3-2, *sealed*), the Court finds she is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED**. Because Plaintiff proceeds in forma pauperis, the clerk of the court shall take the appropriate steps to serve Defendant with the summons and complaint as provided under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

## II. Motion for Appointment of Counsel (ECF No. 4)

For parties like Plaintiff who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).

afford counsel."[5] Because Plaintiff's claims are based, in part, on employment discrimination under Title VII, that statute also provides the court discretionary authority to appoint counsel "in such circumstances as the court may deem just."[6] But there is no constitutional right to counsel in a civil action.[7]

In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[8] In *Castner v. Colorado Springs Cablevision*,[9] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel. Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[10] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[11]

By approving Plaintiff's request to proceed *in forma pauperis*, the Court accepts the veracity of her affidavit of poverty and inability to afford legal counsel. The Court also accepts Plaintiff's statement that she has conferred with at least five attorneys who

---

[5] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[6] *Jackson*, 2014 WL 494789, at *2 (citing 42 U.S.C. § 2000e–5(f)(1)).
[7] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[8] *Jackson*, 2014 WL 494789, at *1.
[9] *Castner*, 979 F.2d 1417.
[10] *Castner,* 979 F.2d at 1421.
[11] *Jackson,* 2014 WL 494789, at *3.

have declined this case for various reasons, and finds she has diligently searched for counsel on her own, prior to seeking appointment. Therefore, she satisfies both the first and second prongs of the *Castner* analysis.

Despite Plaintiff's satisfaction of the financial and diligence factors of the analysis, the Court is unable to fully evaluate the merits of Plaintiff's claims given the information presented in her Complaint.[12] Additionally, at this stage, Plaintiff has not demonstrated any reason why she is unable to adequately present the case on her own. Her Complaint, in conjunction with her EEOC/KHRC complaint, is articulate and adequately describes her claim.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[13] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and her ability to present this case to the Court.[14] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[15] Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motion for appointment of

---

[12] In fact, the Court undertook the task of seeking counsel willing to accept a provisional appointment to further exploring the merits of her claims. However, unfortunately, the Court's efforts at locating counsel willing to accept the case were unsuccessful.
[13] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014).
[14] *Id.* (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C. Cir. 1998)).
[15] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

counsel shall be **DENIED** without prejudice to Plaintiff filing a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of February, 2019.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge