FILED
U.S. District Court
District of Kansas

DEC 0 6 2019

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNA J. SHAW ) | |
| PLAINTIFF ) | |
| VS ) | Case No. 2:18-cv-02513-CM-GEB |
| T-MOBILE USA INC., ) | |
| DEFENDANT ) | |
| ) | |
| ) | |

**PLAINTIFF'S EVIDENCE AND AFFIRMATIVE DEMAND FOR SUMMARY OF JUDGEMENT AND ORDER**

**COME NOW**, Shanna J Shaw, Plaintiff and file this affirmative and motion for summary of judgement on the Defendant, as well as its parent, subsidiaries, successor, and affiliated entities, and their past, present, or future directors, administrators, officers, employees, agents, representatives, and assigns (collectively\_\_\_\_ or "the Company") for violations of federal laws, including violations of civil rights statutes, which include but are not limited to Title VII of the Civil Rights Act of 1964, as amended; the American with Disabilities Act, as amended; the Genetic Information Nondiscrimination Act; the Equal Pay Act; and the Fair Labor Standards Act, arising during my employment and separation from employment, and multiple breach of contract employment agreements. With respect to due process law in this civil action as entitled above. I request that the honorable magistrate judge Gwynne E. Bizer grant this petition pursuant to **Civ.R.P 56 (a)(b)**.

**WHEREAS, I State** the court as followed:

I.     **BACKGROUND AND SUMMARY OF ARGUMENT**

II.     **I am entitled to a summary a judgement pursuant to Civ.R.P. 56 (c) (1)(A)(B) as following and supported;**

        1.   I am entitled to a summary of judgment on the fact that my legal name is Shanna Jan'a Shaw, I am a lawful African

American Female as identified on my governmental driver's license issued by the state of Kansas. There is lawfully only one SSN assigned to my identity I used my same mentioned identifications to authenticate my identity for employment with the defendant. The Defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

2. I am entitled to a summary of judgment on the defendant that my professional profile was established on my behalf by the defendant, listing the CEO John Ledger in connection to my employment at its Wichita, Ks Call Center. The defendant cannot genuinely support material FACTS to support a defense for this judgment. I am entitled to a summary of judgment on the defendant that it listed my employee email and not personal email on my professional profile. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

3. I am entitled to a summary of judgment on the defendant that recorded and executed on my profile that my hire date, original hire date, and continuous services date all began of August 7, 2018. My worked hours are recorded on my professional profile for this date too. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment. I am entitled to a summary of judgment on the defendant that on my professional profile with the defendant my time in my employment position was recorded for 1 year, 0 months, 13 days. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

4. I am entitled to a summary of judgment on the defendant that my professional profile of employment with the defendant its authenticated with the company brand name "T-Mobile", KS-Wichita Call Center, and Organization T-Mobile USA. That my employment 100% full-time, and I was authentically positioned by the defendant at a management level of an individual

contributor. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

5. I am entitled to a summary of judgment on the defendant that I completed the defendant's new hire training which was mandatory for me to authenticate continuous employment with the defendant. In which received my certification of completion. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

6. I am entitled to a summary of judgment on the defendant that within the defendant's employee acknowledgement for my personal professional profile with the defendant it authenticates and states " No one except the Chairperson, President and Chief Executive Officer of T-Mobile has the authority to change the at-will status of my employment, to make any agreement that I will be employed by the Company for any set period of time, or to make any other promises or commitments that are contrary to the policy of at will employment. For any such agreement, promise or commitment to be binding on the Company, and to be valid and enforceable against it, that agreement, promise or commitment must be part of a written contract signed by me and the Chairperson, President, or Chief Executive Officer of T-Mobile and, if applicable, have the approval of the Compensation Committee". The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

7. I am entitled to a summary of judgment on the defendant that my professional profile authenticated by the defendant and which the defendant notes in my employee acknowledgment "If you fail to sign but begin work or continue working for T-Mobile, your continued employment constitutes your implied consent to the terms in this acknowledgment. Your continued work for T- Mobile following any changes to the Employee Handbook, Code of Conduct, and other policies and

procedures constitutes your implied consent to such changes." The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

8. I am entitled to a summary of judgment on the defendant that we jointly executed "T-Mobile, Inc. Restrictive covenant, intellectual property ownership and assignment, and confidentiality agreement during my employment with the defendant, in which the defendant breached this agreement when terminating my employment wrongfully. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

9. I am entitled to a summary of judgment on the defendant that my professional profile with the defendant contains my wages and hourly essentials information and it states I "must enter' my "actual time worked (not time scheduled) to the nearest minute. "Entering" or "recording" time includes entering it into or clocking into the T-Mobile timekeeping system. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

10. I am entitled to a summary of judgment on the defendant that I became with a child while employed by the defendant, which my confirmation of pregnancy date is recorded on my professional timesheet as well. On April 8th, 2018 was my last worked date that was recorded by the defendant and entered into its corporate systems under my identity and employee number on my behalf before going on a company-provided certified continuous LOA for my maternity established for the beginning date of April 16, 2018. The defendant cannot genuinely dispute any material FACTS to support a defense for this judgment.

11. I have entitlement to a summary of judgment on the defendant that the corporation offers this as my employee benefit. This employee benefit was established for me to enjoy my maternity and ensure my position was on leave for me to

reinsure back to work. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

12. I am entitled to a summary of judgment on the defendant that the defendant was fully aware of my certified and continuous STD LOA open claim number C-2018-074431 and approved my certification extensions after I gave birth from 7/19/201/-8/6/2018 T-Mobile bonding time. My STD terms stated I had until August 1st to get all the documents that were mandatory for me to have before I could return due to me having complication during my pregnancy and being placed on a continuous LOA early and I was also told when I attempted to return to work July 22, 2018 I needed this same information by my supervisor. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

13. I am entitled to a summary of judgment on the defendant for closing my LOA with the company under claim number AC-18-082116 before my STD for my maternity claim under C-2018-074431 and my tubal ligation medical leave under claim number BC-2018-086621, was able to return me back to my same position with/without any medical restrictions or limitation by the term in conditions it was established and agreed upon. Which enabled the defendant from my portal access to view and authenticate that I had still had actively opened certifications and approvals until August 1 to extend my STD LOA and bonding time until August 7, 2018. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.

14. I am entitled to a summary of judgment on the defendant that I called I made a complaint to its integrity line and was told "there are legal restrictions which prevent us from disclosing the detail of our investigation." On August 6, 2018. After Heather Meiring told me my employment had not gaps in it and I was reinstated on August 3, 2018.

15. I am entitled to a summary of judgment on the defendant for knowing I am protected from unlawful retaliation under my EEOC charges that had a final determination date of August 10, 2018 and not making it publicly known as the defendant did with the KHRC retaliation unlawful clause. The defendant cannot genuinely dispute material FACTS and has failed to support making this retaliation unlawful clause known too.
16. I am entitled to a summary of judgment on the defendant that the defendant has identified it's company , as well as its parent, subsidiaries, successor, and affiliated entities, and their past, present, or future directors, administrators, officers, employees, agents, representatives, and assigns (collectively____ or "the Company as an equal employment employer as stated in its Code Of Conduct. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.
17. I am to a summary of judgment on the defendant for all my pay statements and both personal and financial content within it being non-negotiable by the defendant. The defendant cannot genuinely dispute material FACTS to support a defense for this judgment.
18. I am entitled to a summary judgment on the defendant for as well as its parent, subsidiaries, successor, and affiliated entities, and their past, present, or future directors, administrators, officers, employees, agents, representatives, and assigns (collectively____ or "the Company as an equal employment employer for discriminating against my equal employment rights and terminating my employment on July 29, 2018 completely, with my letter of termination I received and the confirmation of my fridge employee corporate benefits ending to the fullest. All benefits that were corporate provided impacted and cause damages to my livelihood and financial statues I had built up during my employment with the

defendant. I completely lost all accrued, given, invested, and possibilities of gaining enjoyment of my benefits.

19. I am entitled to a summary of judgment on the defendant for all damages I can inherit to be compensate for, and any other remedies I am able to inherit by statue or law. The defendant cannot genuinely dispute material FACTS in support of a defense for this judgment, the defendant by jointly submitted to the court in planning report that principles of comparative fault do not apply to this case.

20. I am entitled to a summary of judgment on the defendant that I was terminated effective immediately on July 29, 2018 and all and any actions taken after this date against me shall be deemed wrongful, harmful, malice, criminal, prohibited by federal, state, and local laws and neglectful to my rights and liberties , if the Chairman, president, or CEO wasn't the individuals modifying my at-will employment with the defendant. The defendant has fail to support a defense of these individuals acting in it's favor and having the only authorities to do so as state by the corporations employment acknowledgement policy.

21. I am entitled to a summary of judgment on the defendant employment discrimination based on sex and disability rising violations to my protected civil rights which include but are not limited to Title VII of the Civil Rights Act of 1964, as amended; the American with Disabilities Act, as amended; the Genetic Information Nondiscrimination Act; the Equal Pay Act; and the Fair Labor Standards Act case that occurred on July 29, 2018 when I was discriminated against for my maternity and female status by the defendant terminating my employment while on certified and approved STD LOA. All in which have federal compensation remedies I am lawfully entitled to. The Defendant cannot support this because there is no genuine dispute as to any material FACTS to support a defense that proves that I was NOT intentionally terminated effective

immediately on July 29, 2018 while on a medical approved and certified STD LOA for my maternity which protected my employment for me to return to work to, as its employee at the time of the wrongful discharge. Furthermore, the Defendant has failed to prove the termination did NOT take its full process and completion of ending all my group company employee benefits which were critical for my maternity needs at the time. The defendant cannot genuinely dispute any material FACTS as to other findings arising from my termination in damages I am seeking and not limited to the impact it had on my identity, livelihood, reputation, breach of third-party agreements/contracts established by the defendant on my behalf. (EX 1. My termination documents and pay statements that are non-negotiable by the defendant's request.)

22. I am entitled to a summary of judgment on the defendant that all said discrimination claims toward me did occur during my employment with the defendant and in the separation of my employment. The defendant cannot genuinely dispute terminating my employment unjustly and interfering with my employee STD payments, and other issues arising from this discrimination conduct that are unforeseen discrimination of any other lawful employee privileges I am or could have been entitled to.

23. I am entitled to a summary of judgment on the defendant for violating my employee rights under the Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A) and specifically within the meaning of subsection (a)(1) of section 44-1009 of said Act( SEX and DISABILITY). The defendant cannot genuinely dispute material FACTS for terminating my employment effective immediately while on a certified and approved STD LOA for my maternity on July 29, 2018, in which the termination took its process and full completions of ending my medically protected employment unjustly

24.

25. I am entitled to a summary of judgment on the defendant for violating my equal employment rights and discriminating against me on the bases of my sex and disability as said in the charges of discrimination filed on August 8, 2018. The defendant cannot genuinely dispute any material FACTS that I was NOT terminated effective immediately on July 29, 2018, while I on an approved and certified STD for my maternity effective immediately and it took it full process and completion of ending my medically protected employment unjustly.

26. I am entitled to a summary of judgment on the defendant for discrimination of my equal employment rights and fair labor rights. For the summary judgment of; when the defendant unjustly terminated my employment, the wrongful conduct created failure to promote me, failure to accommodate my known maternity LOA terms and disability. The defendant cannot genuinely dispute material FACTS that I should have NOT been scheduled for 3 working dates while on a continuous LOA then terminated for job abandonment in which this should have never happened if the defendant was meaningfully and equally protecting my employment with the corporation while out on a leave of absence.

27. I am entitled to a summary of judgment on the defendant for improperly reducing my wages, and other conduct with respect to my taxes, and deductions. The wrongful and justly discharge of my employment interfered with my payroll deductions, wages, and taxes. The defendant stated free money through ERF then taxed me at a different amount the defendant has failed to support a defense as to why my taxes are inaccurate and deposit records are inaccurate. The defendant has also failed to support a defense for the misrepresentation of my personal information for payroll, deductions, and wages purposes.

28. I am entitled to a summary of judgement on the defendant as well as its parent, subsidiaries, successor, and affiliated entities, and their past, present, or future directors, administrators, officers, employees, agents, representatives, and assigns (collectively____ or "the Company") to be held completely liable against me on all and not limited to the enumerated statues that are violated arising from unforeseen damages to my statutory rights, Federal state, and local law violation in direct relation to findings during my employment and in separation of my employment with the defendant and all others. The defendant as well as its parent, subsidiaries, successor, and affiliated entities, and their past, present, or future directors, administrators, officers, employees, agents, representatives, and assigns (collectively____ or "the Company") cannot genuinely dispute material FACTS that support a defense for this claim.

29. I am entitled to a summary of judgment on the defendant holding the defendant as well as its parent, subsidiaries, successor, and affiliated entities, and their past, present, or future directors, administrators, officers, employees, agents, representatives, and assigns (collectively____ or "the Company") that if any " ACTS" that may give rise to liability pursuant to enumerated statues committed by " T-Mobile".

30. I am entitled to a summary of judgement that on July 29,2018 I was terminated effective immediately by the defendant as well as its parent, subsidiaries, successor, and affiliated entities, and their past, present, or future directors, administrators, officers, employees, agents, representatives, and assigns (collectively____ or "the Company"). The defendant cannot genuinely dispute material FACTS to support this claim.

**WHEREAS,** I pray that this court and Magistrate Judge Gwynne Birzer in its favor and against all defendant and such others and further relief the court deems proper. As following I pray to this court and Magistrate Judge Gwynne Birzer to consider relief request as outline:

- **42 U.S. Code § 2000e–5. Enforcement provisions back pay; reduction of back pay; limitations on judicial orders**

  (1)If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.

1. **42 U.S. Code § 1981a.Damages in cases of intentional discrimination in employment- Employment Disability Discrimination, Americans With Disability Act of 2008.**

- a)Right of recovery
- (1)Civil rights
- In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e–5, 2000e–16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C. 2000e–2, 2000e–3, 2000e–16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.
-
- (2)Disability

- In an action brought by a complaining party under the powers, remedies, and procedures set forth in section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e–5, 2000e–16] (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12117(a)), and section 794a(a)(1) of title 29, respectively) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) under section 791 of title 29 and the regulations implementing section 791 of title 29, or who violated the requirements of section 791 of title 29 or the regulations implementing section 791 of title 29 concerning the provision of a reasonable accommodation, or section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112), or committed a violation of section 102(b)(5) of the Act, against an individual, the complaining party may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.
-
- (3)Reasonable accommodation and good faith effort
- In cases where a discriminatory practice involves the provision of a reasonable accommodation pursuant to section 102(b)(5) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12112(b)(5)] or regulations implementing section 791 of title 29, damages may not be awarded under this section where the covered entity demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that accommodation is needed, to identify and make a reasonable accommodation that would provide such individual with an equally effective opportunity and would not cause an undue hardship on the operation of the business.
-
- (b)Compensatory and punitive damages
- (1)Determination of punitive damages
- A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or

- with reckless indifference to the federally protected rights of an aggrieved individual.
-
- (2)Exclusions from compensatory damages
- Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C. 2000e–5(g)].
-
- (3)Limitations The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party— (D)in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.
- (4)Construction
- Nothing in this section shall be construed to limit the scope of, or the relief available under, section 1981 of this title.

2. **Breach of contract**
   - **Unusual damages are normally not compensable. They become compensable, however, when there is evidence that there was an agreement to deviate from the default rule (agreeing to make them compensable, whether that agreement was tacit or explicit)**
   - Second Restatement § 347: Measure of Damages in General
   - Subject to the limitations stated in §§ 350-53, the injured party has a right to damages based on his expectation interest as measured by

   (a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus

   (b) any other loss, including incidental or consequential loss, caused by the breach, less

   (c) any cost or other loss that he has avoided by not having to perform

> UCC §1-106: Remedies to be liberally administered so as to put Promisee in position he
> would be in had the contract been performed (General Expectancy)
> UCC §2-712: Cost of substitution to Promisee minus Contract Price (—Coverl)
> UCC §2-713: Market Price minus Contract Price, plus incidental damages (2-715)
> UCC §2-717: On notice to Promisor, Promisee may deduct damages caused by breach from any part of the price still due under the same contract.

To conclude, I am not required to accept any position substantially different from, or inferior to, the one contracted for in order to mitigate damages. The defendant has attempt to form it's defense around their malice and hostile reinstatement they created to mask liability of fault. The amount for default judgement request is;

Order the defendant to payout determinations made by Terry L Mann on my behalf. And any additional relief the honorable court finds suitable for this case in consideration of lost fridge benefits, overtime pay, bonus pay, and other employee incentives lost in exiting employee package from the defendant that were lost. OR

Order the defendant to compensate me for claims asserting from Title VII Civil Rights Act of 1964(Sex Discrimination) and Americans With Disability Act of 1990 as amend ( My Pregnancy/Maternity) for terminating my employment fully while on an approved leave of absence covered and monitored by the defendant in the amounts for the back pay calculation, I am assuming that the trial date will be set approximately September of 2020. An hourly rate of $16.50 per hour from date of termination (July 29, 2018) to the date of trial (approximately Sept 2020) $71,280. Also, in this claim back pay for the income that I am earning in efforts to mitigate losses that would be subtracted. So, in a month of 160 hours, at $9.00 per hour, I would have grossed $1,440. That calculates at $18,720 in a year, back pay for if I had not been unjustly terminated from by the defendant in the approximately amount of $51,000. Front pay compensation for this same claim in the amount of $32,000 which is 2X years capped. Punitive damage awards are scaled to employer size, with employers of 500 or more employees (such as T-Mobile USA Inc.) potentially being liable for up to $300,000 in punitive damages, I asked of the courts to order the defendant to payout this entitled relief in the amount of

$300,000.00. Damages for pain and suffering are also available, at the Court's discretion. I ask the court to order the defendant to payout $50,000.00 for pain and suffering. In connection with this claim fridge benefits I received or could of received, I ask the courts to order the defendant to payout the remainder benefits from my short-term disability terms and long-term benefits I would have received if the defendant had not terminated my employment in the amount of 100% pay for after childbirth payments in the amount of $520/weekly which is $3,640.00. I ask of the court to order the defendant to payoff eviction damages from dwelling in the amount of $3,000 with proof of eviction and collection letters presented by me. I ask the courts for a sealed letter to forward to credit reporting agencies to be cleared of all information on behalf of the defendant's actions to all major credit reporting agencies based in the United States and their third-party collection agencies. I ask the courts to order the defendant to pay in full all medical, dental, and vision bills for myself and dependents in the amount of $8,000. I ask the court to order the defendant to continue Child Care reimbursement payments until my children reach age of 21 in the amount of $ 2000.00/weekly. I ask the courts to order the defendant to payout my life insurance policies in the amount of $283,000.00 for company provided insurance, and $10,000.00 for my dependent life insurance policy. I ask the court to order the defendant to establish a flexible spending account access for treatment claims with co-pay coverage in the amount of $100,000.00/annually for myself and 3 dependents. I ask the court to order the defendant to extend company provided Identity theft coverage and allow this suit to use such coverage by granting new social security numbers for myself. I ask the courts to order the defendant to extend Home and Auto insurance coverage for properties I select to be granted on behalf of the defendant's expenses from their vendors MetLife, Travelers, Liberty Mutual, and AFLAC . I ask the courts to order the defendant to honor Employee Stock Purchase Plan and payout my invested funds in the amount of $2000.00.  I ask the court to order the defendant to reimbursement payments for my new service plan in the amount of $120.00 monthly for 2 years. I ask the court to order the defendant to establish a joint account access and ownership for Travel and Expenses through the defendants USBank account covered by the defendant for 50 years. I ask the court to order the defendant to payout stock grant ownership in the amount of $2000.00. I ask the court to order the defendant to fund my 401k account for the age of retirement in the amount of 12%x hourly rate which is $177.00 for the retirement age of 55 = $17,700.00

| | |
|---|---|
| */s/ Shanna J. Shaw (with permission)* | */s/ David C. Vogel* |
| Shanna J. Shaw | David C. Vogel (KS #18129) |
| 9400 E. Lincoln St., Apt. #813 | Lisa Martin (KS #27579) |
| Wichita, Kansas 67207 | Constangy, Brooks, Smith & Prophete, LLP |
| 316-204-7884shanna09248@gmail.com | 2600 Grand Blvd., Suite 750 |
| | Kansas City, MO 64108 |
| PLAINTIFF *PRO SE* | Telephone: 816-472-6400 |
| | Facsimile: 816-329-5954 |
| | dvogel@constangy.com |
| | lmartin@constangy.com |
| *[signature: Shanna Shaw]* | |
| *12-6-19* | ATTORNEYS FOR DEFENDANT |

## CERITFICATION OF SERVICE

I hereby certify that on December 6, 2019, electronically filed the foregoing documents with the district court clerk, which will send electronic notification of such filing to the following CM/ECF participant:

:/ Direct: 816.329.5938 • Direct Fax: 816.329.5954
E-mail: dvogel@constangy.com
2600 Grand Boulevard
Suite 750
Kansas City, MO 64108-4600
Main: 816.472.6400 • Fax: 816.472.6401

/s/
Shanna J. Shaw
2727 N Green St.
Wichita, Kansas 67219
316-204-7884
PLAINTIFF PRO SE