# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNA J. SHAW, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> T-MOBILE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 18-2513-CM-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Adopt Plaintiff's Limited Representation Terry L. Mann's Full Documents and Mediator's Summary Report (ECF No. 43) and Motion to Join Defendants, and Plaintiff Third-Party Disability Administrators (ECF No. 44). For the reasons outlined below, Plaintiff's Motion to Adopt (**ECF No. 43**) is **DENIED** and her Motion to Join Defendants (**ECF No. 44**) is **DENIED** without prejudice to refiling no later than **May 15, 2020.**

**I.    Background[1]**

Plaintiff filed this employment discrimination case in September 2018 against her former employer, T-Mobile, claiming violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Kansas Act

---

[1] Unless otherwise noted, the information recited in this section is taken from the briefs regarding Plaintiff's Motion to Adopt (ECF Nos. 43, 47); from the briefs regarding Plaintiff's Motion to Join Defendants (ECF Nos. 44, 48); the Complaint (ECF No. 1), Amended Complaint (ECF No. 36), and related Answers (ECF Nos. 8, 37); and from the briefing regarding Plaintiff's pending Motion for Summary Judgment (ECF Nos. 38, 42). This background information should not be construed as judicial findings or factual determinations.

Against Discrimination ("KAAD"). Ms. Shaw is an African-American woman who claims her employment was terminated while she was on an approved medical leave of absence during a difficult pregnancy. Defendant admits Plaintiff began an approved leave of absence in April 2018 and was told she was being terminated on or about July 29, 2018 for failing to report to work. Based upon information provided by a third-party benefits administrator, Defendant believed her leave of absence had expired. Defendant claims it later became aware Plaintiff had taken steps to apply for an extension of her leave, rescinded the termination, and reinstated her employment without any gap in her service. (ECF No. 42 at 10-11). However, for unknown reasons, Plaintiff did not return to work.

Plaintiff initially filed her Complaint as a pro se plaintiff, and this Court granted her the ability to proceed with out payment of the filing fee but denied her request for appointed counsel without prejudice. (ECF No. 5.) After an initial scheduling conference, the Court's perception of the situation changed, and the undersigned appointed provisional counsel to represent Plaintiff for the purpose of mediation. (ECF No. 17.)

Following an unsuccessful mediation, Plaintiff's appointed counsel, Terry L. Mann, sought withdrawal, which the Court granted. (ECF Nos. 25, 26, 30.) Plaintiff sought to amend her complaint (Motion, ECF No. 31), which the Court granted in part. (ECF No. 35.) Shortly thereafter, Plaintiff filed a motion for summary judgment (ECF No. 38), which remains pending.

The progress of this case is governed by a Scheduling Order (ECF No. 34), which includes a discovery deadline of May 15, 2020 and a pretrial conference on June 19, 2020, with trial scheduled for February 2021. Following Plaintiff's motion for summary judgment, she filed three additional motions: her Motion to Adopt Plaintiff's Limited Representation Terry L. Mann's Full Documents and Mediator's Summary Report (ECF No. 43); a Motion to Join Defendants and Plaintiff Third-Party Disability Administrators (ECF No. 44); and a Motion to Admit Evidence (ECF No. 45). District Judge Daniel Crabtree is considering the Motion to Admit Evidence (ECF No. 45) along with the summary judgment motion. The remaining motions are addressed in turn below.

## II. Motion to Adopt Plaintiff's Limited Representation Terry L. Mann's Full Documents and Mediator's Summary Report (ECF No. 43)

In this motion, Plaintiff seeks to "join all documents on the record," including statements from her appointed attorney, Terry Mann, and from the mediator, Dennis Gillen. (ECF No. 43 at 1.) Plaintiff contends these statements may be used as "expert support statements" in support of her employment discrimination claims. (*Id*.) She argues no agreements were signed by either party to assert confidentiality of any documents or conversation held during mediation and seeks to use any and all documents "filed with the court or in possession of Terry L. Mann and Dennis Gillen" in this case. (*Id*. at 2.)

Defendant opposes the use of any information utilized at the mediation, citing both Fed. R. Evid. 408, related to the confidentiality of settlement offers, and D. Kan. Rule 16.3(i) related to mediations. In Defendant's response, it asks the Court to deny

Plaintiff's motion and to also issue an order precluding Plaintiff from continuing to use defense counsels' signature block on her pleadings. (ECF No. 47.)

Multiple sources instruct that information surrounding settlement negotiations should remain restricted from public view. For example, the Scheduling Order form utilized by courts in this District specifically prohibits the public filing of confidential settlement reports—and by extension, the underlying settlement offers exchanged by the parties.[2] This promotes the public policy favoring the compromise and settlement of disputes,[3] in line with Federal Rule of Evidence 408, which generally prohibits the use of settlement offers as evidence. Although settlement negotiations may be admitted for some other purpose, such as proving bias, negating a contention of undue delay, or proving obstruction,[4] Plaintiff does not present any arguments on these concerns, and the Court finds none of these situations evident here.

Additionally, this Court's local rules are clear regarding the confidentiality of mediation materials. Section (i) of D. Kan. Rule 16.3 addresses the confidentiality of the "contents of written mediation statements, anything that happened or was said, any position taken, and any view of the merits of the case formed by any participant in connection with any mediation." This rule is clear that this information should not be disclosed to anyone not involved in the mediation process, including the trial judge, or

---

[2] Scheduling Order form available at http://ksd.uscourts.gov/index.php/forms/?open=CivilForms.
[3] *See* Fed. R. Evid. 408 advisory committee note to 1972 proposed rule. *See also Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1177 (D. Kan. 2018) (discussing the confidentiality of settlement offers and Rule 408).
[4] Fed. R. Evid. 408(b).

subject to discovery.[5] Under certain conditions outlined in D. Kan. Rule 16.3(j), there are limited exceptions to this confidentiality rule, such as a disclosure agreed to by all parties and the mediator;[6] the disclosure of an agreement if necessary to prove the existence of a binding settlement contract;[7] a report regarding a violation of the Local Rules or a violation of a court order.[8] However, none of these exceptions are argued by Plaintiff, and even if they had been, the Court finds the exceptions do not apply to this situation.

Given the clear public policy outlined by the Federal Rules of Evidence and this District's Local Rules, the Court finds it necessary to protect the confidentiality of the information connected with mediation. Therefore, Plaintiff's Motion to Adopt Plaintiff's Limited Representation Terry L. Mann's Full Documents and Mediator's Summary Report (**ECF No. 43**) is **DENIED**. Plaintiff is instructed <u>not</u> to file or submit to the Court Ms. Mann's mediation statement or other communication with Mr. Gillen or defense counsel regarding mediation. Plaintiff is also prohibited from filing or otherwise submitting to the Court Mr. Gillen's communications or statements surrounding mediation.

The Court notes Plaintiff has previously submitted such confidential materials in public court filings. In compliance with this Order, the clerk is directed to seal the following documents from public view:

- ECF No. 38-1 at 1-4 (letter from Terry Mann to Plaintiff dated June 17, 2019 regarding case assessment and mediation);

---

[5] D. Kan. Rule 16.3(i).
[6] D. Kan. Rule 16.3(j)(1).
[7] D. Kan. Rule 16.3(j)(2).
[8] D. Kan. Rule 16.3(j)(3), (4).

- ECF No. 46 at 18-19 (Ex. 5, letter from Terry Mann to Plaintiff dated July 2, 2019 regarding settlement offers and mediation); and

- ECF No. 46 at 21-24 (Ex. 6, letter from Terry Mann to Dennis Gillen dated September 5, 2019 regarding mediation).

In the event Plaintiff has previously submitted other such statements, she is directed to communicate with the Clerk's office to arrange withdrawal or sealing of those documents.

Regarding Defendant's request that Plaintiff cease placing defense counsel's signature on her filed documents, the Court takes notice that Plaintiff has placed defense counsels' signature block on a number of her pleadings, including her response to the Answer (ECF No. 39), her motion for summary judgment (ECF No. 38), the instant motion (ECF No. 43), and the motion to join defendants (ECF No. 44). However, following Defendant's request, she has not placed defense counsel's signature block on subsequently-filed documents (ECF Nos. 45 or 46). The Court recognizes Plaintiff is not an attorney. She is given some leniency as a pro se plaintiff, and the Court will consider this to be Plaintiff's education on the topic. Pursuant to Fed. R. Civ. P. 11(a), every pleading, motion and other paper must be signed either by the unrepresented party herself or by the attorney—but this means <u>only the person submitting the document</u> should have his or her signature on it. Therefore, any documents submitted by Plaintiff must be signed only by Plaintiff. Any document filed by Plaintiff should only bear the name of the defendant's attorneys if noted in the certificate of service or if a document is agreed to and jointly submitted by all parties.

### III. Motion to Join Defendants, and Plaintiff Third-Party Disability Administrators (ECF No. 44)

In Plaintiff's second motion, she seeks to add multiple parties, claiming the proposed new parties are necessary to enable the court to adjudicate the case. She notes she does so "[d]espite the expiration of relevant limitations periods established." (ECF No. 44 at 1.) Plaintiff contends her new claims are related to the conduct, transaction or events described in the original pleading. She asks that Voice Stream Wireless be added as her "original employer name," and then suggests adding Heather Meiring, Andrew Ball, and Larissa Tolbert as defendants, and Sedgwick Claims Management, Crawford & Co./Broadspire[9] and UMR Inc. as "third-party plaintiffs." However, the Court—like Defendant—assumes Plaintiff intends to also add these entities as named defendants.[10] Plaintiff seeks to add these parties under Fed. R. Civ. P. 20 permitting permissive joinder of parties, and also cites 29 U.S.C. § 1002 of the Employee Retirement Income Security Act to support her request.

In her motion, Plaintiff does not fully identify any of the proposed new parties or explain any of their relationship to her claims, aside from that Voice Stream Wireless was perhaps her original employer.

Defendant opposes Plaintiff's motion to join defendants. (Resp., ECF No. 48.) It contends none of the proposed new parties were Plaintiff's "employer" as defined under

---

[9] Plaintiff does not explain in her motion whether Crawford & Co./Broadspire are the same entity or separate entities.

[10] *See* Def.'s Resp., ECF No. 48 n.1. "For the purposes of fully and fairly responding to plaintiff's Motion, T-Mobile assumes plaintiff intended to request to join Sedgwick Claims Mgt., Crawford & Co./Broadspire, and UMR Inc. as defendants and not as "third-party plaintiffs" as set forth in her Motion."

Title VII, the ADA, or the KAAD and cannot be held liable for any alleged discrimination. Defendant cites caselaw supporting its position under all three statutory frameworks and contends any joinder would be futile.

### A. Legal Standards

In their briefing, neither party cites the requisite legal standards for determining whether the amendment of Plaintiff's complaint to permit joinder of additional parties is appropriate. When a motion to amend seeks to add parties that are not indispensable, both Fed. R. Civ. P. 15 and 20 govern.[11]

A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this, where the time to amend as a matter of course has passed, and the opposing party does not consent, a party may amend its pleading only by leave of court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[12] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[13]

---

[11] *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2019 WL 7187329, at *6 (D. Kan. Dec. 26, 2019) (citing *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 WL 2008860, at *3 (D. Kan. Apr. 30, 2018)).

[12] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[13] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-

In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[14] The Tenth Circuit Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[15] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[16]

If a party seeks to amend its pleading to add indispensable parties, Rule 20 is implicated. Rule 20 provides that defendants may be joined if (1) the claims against them "arise out of the same transaction or occurrence, or series of transactions or occurrences;" and (2) there are questions of law and fact common to all defendants. "There is not a generalized test for determining whether alleged facts constitute the same transaction or occurrence for the purpose of Rule 20."[17] But "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."[18] As when applying

---

JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).
[14] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).
[15] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).
[16] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).
[17] *Ad Astra Recovery Servs., Inc.*, 2019 WL 7187329 at *6 (citing 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed.)).
[18] *Id.* (citing *Sprint Commc'ns. Co. v. Theglobe. com, Inc.,* 233 F.R.D. 615, 617 (D. Kan. 2006) (quoting 7 Wright & Miller § 1653, *supra*)).

Rule 15, courts liberally construes Rule 20 "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[19]

B. Discussion

The Court is frankly troubled by both parties' positions on this issue. Although the standard for amendment is generally liberal,[20] Plaintiff is still required to demonstrate why amendment is proper and to comply with the rules governing amendment. But she neither addresses the requirements or presents arguments under Rules 15 and 20, nor does she adequately explain how each of the proposed new defendants are related to her claims. Additionally, when filing a motion to amend, Plaintiff is required to submit her proposed amended complaint with her motion pursuant to D. Kan. Rule 15.1(a)(2). But she has not done so here, and without the proposed pleading or any explanation in her motion to outline the relationship between the proposed parties, the Court cannot guess at the claims she intends to bring.[21] However, the Court does provide her some leniency as a pro se plaintiff and does not dismiss her request outright.

On the other hand, Defendant provides ample authority to support its argument of futility but does not address the factors for consideration under Rules 15 and 20, aside from futility.

---

[19] *Ad Astra Recovery Servs., Inc.*, 2019 WL 7187329 at *6 (quoting *AKH Co.*, 2018 WL 2008860, at *5; *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724 (1966)).

[20] *See Knobbe v. Deere & Co.*, No. 19-1248-EFM-ADM, 2019 WL 6307723, at *2 (D. Kan. Nov. 25, 2019) ("Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted") (internal citations omitted).

[21] The Court cannot "take on the responsibility of serving as [Plaintiff's] attorney in constructing arguments and searching the record." *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).

Although the addition of certain individuals may be futile as convincingly argued by Defendant, as currently presented Plaintiff's motion is unclear whether she is attempting to include a claim against the third-party vendor who informed Defendant her leave was unapproved. The Court understands T-Mobile relied on such third parties to handle its benefits and leave programs, which Defendant admits in its Answer.[22] Again, though, whether Plaintiff intends to bring a claim against the third party remains unclear and it is not the Court's prerogative to assume claims on Plaintiff's behalf.

To address these concerns and provide clarity to Plaintiff's request, the Court will **DENY** Plaintiff's motion to join defendants **without prejudice**. Although this motion is denied, the Court will permit Plaintiff the opportunity to refile her motion with sufficient clarity and with a proposed pleading attached pursuant to D. Kan. Rule 15.1(a)(2).

Plaintiff's motion and proposed Second Amended Complaint should:

- clearly identify each proposed defendant and his/her address (or last known address);

- specifically explain what each named defendant did to her by providing facts indicating how and when each defendant harmed her;

- what specific legal right Plaintiff believes each defendant violated; and

- the specific types of relief Plaintiff seeks, including the amount of damages claimed and the reasons Plaintiff believes she is entitled to such damages.

---

[22] *See, e.g.*, Defendant's Answer admitting "T-Mobile . . . admits that it utilizes the services of third-party vendors, including Broadspire, with regard to certain aspects of its leave and benefits programs." (ECF No. 37 at 3.)

Plaintiff is reminded that any amended complaint would take the place of her prior complaints.[23] Therefore, Plaintiff should take care to craft her proposed amended pleading to include her necessary allegations.

## IV. Conclusion

For the reasons set forth above, the Court enters the following orders:

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Adopt Plaintiff's Limited Representation Terry L. Mann's Full Documents and Mediator's Summary Report **(ECF No. 43)** is **DENIED.** Plaintiff is instructed not to file or submit to the Court Ms. Mann's mediation statement or other communication with Mr. Gillen or defense counsel regarding mediation. Plaintiff is also prohibited from filing or otherwise submitting to the Court Mr. Gillen's communications or statements surrounding mediation. In compliance with this Order, the clerk is directed to seal the following documents from public view:

- ECF No. 38-1 at 1-4 (letter from Terry Mann to Plaintiff dated June 17, 2019 regarding case assessment and mediation);

- ECF No. 46 at 18-19 (Ex. 5, letter from Terry Mann to Plaintiff dated July 2, 2019 regarding settlement offers and mediation); and

- ECF No. 46 at 21-24 (Ex. 6, letter from Terry Mann to Dennis Gillen dated September 5, 2019 regarding mediation).

In the event Plaintiff has previously submitted any other such statements, she is directed to communicate with the Clerk's office to arrange withdrawal or sealing of those documents.

---

[23] *See Heineman v. United States*, No. 06-4086-SAC, 2006 WL 3512949, at *2 (D. Kan. Nov. 16, 2006) (citing *Franklin v. Kansas Dept. of Corrections*, 160 Fed. Appx. 730, *733–734, 2005 WL 3515716 at *1 (10th Cir. 2005) (other internal citations omitted).

**IT IS FURTHER ORDERED** that Plaintiff cease placing defendant's attorneys' signature block on documents submitted solely by Plaintiff, in accordance with the discussion above on page 6.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Join Defendants (ECF No. 44) is **DENIED without prejudice**. In the event Plaintiff wishes for the Court to consider the filing of a Second Amended Complaint to join other named defendants, Plaintiff must review the requirements outlined above in Section III.B and resubmit a motion to amend her Complaint which addresses those deficiencies no later than **May 15, 2020**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of April, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
