## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHANNA J. SHAW, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-2513-DDC-GEB** |
| | ) | |
| **T-MOBILE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>REPORT and RECOMMENDATION</u>

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint and Add Supporting Documents to Support Second Amended Complaint. (**ECF No. 58.**) On June 3, 2020, the Court convened a conference to discuss the scheduling in this case as well as Plaintiff's motion. After discussion regarding Plaintiff's Motion and Defendant's Response (ECF No. 59), the Court determined the deadlines in this matter should be stayed pending consideration of the motion and Plaintiff should be permitted to file a reply brief. (Order, ECF No. 62.) Since the June 3 hearing, the Court has reviewed Plaintiff's Reply[1] (ECF No. 63) and is now prepared to rule. After careful consideration of the parties' arguments and for the reasons set forth below, the undersigned U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Plaintiff's Motion (**ECF No. 58**) be **DENIED.**

---

[1] Titled "Plaintiff's Response in Support of Motion to Amend Complaint." (ECF No. 63.)

I.    **Background**[2]

Plaintiff filed this employment discrimination case in September 2018 against her former employer, T-Mobile, claiming violations of Title VII of the Civil Rights Act of 1964 ("Title VII"),[3] the Americans with Disabilities Act ("ADA"),[4] and the Kansas Act Against Discrimination ("KAAD").[5]    Ms. Shaw is an African-American woman who claims her employment was terminated while she was on an approved medical leave of absence during a difficult pregnancy.    Defendant admits Plaintiff began an approved leave of absence in April 2018 and was told she was being terminated on or about July 29, 2018 for failing to report to work.    Based upon information provided by a third-party benefits administrator, Defendant believed her leave of absence had expired.    Defendant claims it later became aware Plaintiff had taken steps to apply for an extension of her leave, rescinded the termination, and reinstated her employment without any gap in service. (ECF No. 42 at 10-11).    However, for unknown reasons, Plaintiff did not return to work.

Plaintiff initially filed her Complaint as a pro se plaintiff, and this Court granted her the ability to proceed without payment of the filing fee but denied her request for appointed counsel without prejudice. (ECF No. 5.)    After an initial scheduling conference, the Court's

---

[2] Unless otherwise noted, the information recited in this section is taken from the briefs regarding Plaintiff's Motion to Amend (ECF Nos. 58, 59, 63); the Complaint (ECF No. 1), Amended Complaint (ECF No. 36), and related Answers (ECF Nos. 8, 37); and from the briefing regarding Plaintiff's pending Motion for Summary Judgment (ECF Nos. 38, 42).    This background information should not be construed as judicial findings or factual determinations.

[3] 42 U.S.C. § 2000e *et seq.*

[4] 42 U.S.C. § 12111 *et seq.*, Title I of the Americans with Disabilities Act.

[5]  K.S.A. 44-1001 *et seq.*,

perception of the situation changed, and the undersigned appointed provisional counsel to represent Plaintiff for the purpose of mediation. (ECF No. 17.)

Following an unsuccessful mediation, Plaintiff's appointed counsel sought withdrawal, which the Court granted. (ECF Nos. 25, 26, 30.)  Plaintiff sought to amend her complaint (Motion, ECF No. 31), which the Court granted in part.  (ECF No. 35.)  Shortly thereafter, Plaintiff filed a motion for summary judgment (ECF No. 38), which is currently pending.

In addition to her motion for summary judgment, earlier this year Plaintiff filed other motions addressing evidentiary issues and filing, as well as amendment of her complaint. (*See* Motions, ECF Nos. 43-45.)  During review of two such motions, the undersigned Magistrate Judge considered Plaintiff's Motion to Join Defendants and Plaintiff Third-Party Disability Administrators (ECF No. 44).  Construing her motion as one to permit joinder of additional parties under Fed. R. Civ. P. 15 and Rule 20, Plaintiff's motion was denied without prejudice to refiling. (Mem. & Order, ECF No. 55.)  In her motion, Plaintiff neither addressed the requirements of Rules 15 and 20 nor did she adequately explain how each of the proposed new defendants were related to her claims. (*Id*. at 10.)  Additionally, she failed to submit her proposed amended complaint as required by D. Kan. Rule 15.1(a)(2). (*Id*.)  Despite these concerns, the undersigned determined it was unclear whether Plaintiff was attempting to include a claim against the third-party vendor who informed Defendant her leave was unapproved.  Providing her leniency as a pro se litigant, the Court permitted her the option to refile her motion to address these *specific* deficiencies no later than May 15, 2020. (*Id*. at 11-12.)

Pursuant to the operative Scheduling Order (ECF No. 34), the deadline to seek leave to amend the pleadings expired on January 10, 2020; the parties' discovery deadline was set for May 15, 2020; a pretrial conference was scheduled for June 19, 2020; and a trial was set for spring 2021.[6]  On May 18, 2020, Plaintiff filed her instant Motion for Leave to Amend Complaint and Add Supporting Documents to Support Second Amended Complaint. (ECF No. 58.)  Considering the schedule and upcoming pretrial, the Court held the June 3 conference to discuss the progress of this matter.  The Court is now prepared to rule and addresses Plaintiff's motion below.

## II.    Plaintiff's Motion for Leave to Amend Complaint (ECF No. 58)

As noted above, the Court has thoroughly reviewed the parties' briefing, and the parties' positions are summarized here.

### A.    Parties' Arguments

#### 1.    Plaintiff's Position

Although the Court permitted Plaintiff the opportunity to seek amendment to address the specific deficiencies in her motion to join <u>defendants</u>, Plaintiff now appears to propose new <u>claims</u>.  In her proposed amendment, she clarifies she has a Title VII sex discrimination claim, an ADA claim, a KAAD claim, a claim under the Fair Labor Standards Act ("FLSA") and corresponding Kansas Wage Payment Act ("KWPA") claim,[7]

---

[6] This matter was originally assigned to District Judge Carlos Murguia, with a trial date of February 1, 2021.  The matter has now been reassigned to District Judge Daniel D. Crabtree. (ECF No. 52.)  With a dispositive motion deadline of July 10, 2020, a potential trial date could be April 6, 2021; however, this trial date is not yet solidified and is likely to change as deadlines are adjusted.

[7] *See* 29 U.S.C. § 201 *et seq.* (FLSA) and K.S.A. § 44-313 *et seq.* (KWPA).

and claims for defamation and breach of contract under various statutory schemes, including possibly a Federal Tort Claims Act ("FTCA") claim.[8] (*See* ECF No. 58-1.) Her proposed pleading also seems to include a claim for "blacklisting" pursuant to K.S.A. § 44-119.

Notably, her proposed amendment does not include the addition of any new defendant. She argues if Defendant intends to rely on the actions of its third-party benefits administrator, Defendant "should request an inter-pleader to clarify fault" before trial. But she does not request to add the administrator as a defendant as sought in her previous motion.

Although Plaintiff does not cite the Fed. R. Civ. P. 16(b)(4) standard for good cause to file a belated motion to amend, her Reply suggests she gained additional information through the discovery phase that supports her expansion of claims. (ECF No. 63 at 2.) Plaintiff also contends Defendant has been aware of these potential additional claims as evidenced in the parties' Rule 26(f) Planning Report. (*Id*. at 3, Ex. 4.)

### 2.    Defendant's Position

Defendant asks the Court to deny Plaintiff's motion in its entirety. As a threshold issue, Defendant argues Plaintiff's motion is untimely and she does not show good cause under Rule 16(b)(4) for failing to file the motion before the Scheduling Order deadline of January 10, 2020. (Resp., ECF No. 59 at 2-3.)

---

[8] FTCA, 28 U.S.C. § 2671 *et seq.*

Additionally, Defendant contends the claims Plaintiff wishes to add are all futile.  It argues any 42 U.S.C. § 1983 claim is subject to dismissal because T-Mobile is not a state actor, which is a requirement for a § 1983 claim.  (*Id.* at 4.)  Defendant suggests Plaintiff does not provide any facts to support either an FLSA claim or a blacklisting claim under K.S.A. § 44-119, which are subject to dismissal under Fed. R. Civ. P. 12(b)(6). (*Id* at 4-5.) Additionally, Defendant claims the defamation claim under K.S.A. § 21-4004 and breach of contract and/or fraud claim under K.S.A. § 17-5812 are likely to be dismissed, as both are based upon repealed statutes.  (*Id.* at 6.)

## B.    Legal Standards

A brief review of the legal standards underlying the parties' arguments is necessary in considering Plaintiff's motion.

### 1.    Amendment Generally

#### a.    Fed. R. Civ. P. 16

When a proposed amendment is offered after the deadline to amend pleadings has passed, Fed. R. Civ. P. 16(b)(4) is implicated.  It provides that a "schedule may be modified only for good cause and with the judge's consent."  When considering a motion to amend the pleadings filed past the scheduling order deadline, judges in this District and the Tenth Circuit Court of Appeals have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a)."[9]  In such cases, the court "first determines whether the moving party

---

[9] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted);  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.")

has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[10]  Only after finding good cause has been shown will the court proceed to the second step and evaluate whether the broader Rule 15(a) standard for amendment has been satisfied.

"Good cause" under Rule 16(b)(4) requires the moving party to "show that the amendment deadline could not have been met even if it had acted with due diligence."[11] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[12]  The party requesting an untimely amendment "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[13] A lack of prejudice to the nonmovant does not constitute "good cause."[14] The district court has discretion to decide whether the movant has established good cause sufficient to modify the scheduling order deadlines, and such a decision is reviewed only for abuse of discretion.[15]  If the Court finds Rule 16(b) is satisfied, the Court then analyzes the request for amendment under Fed. R. Civ. P. 15(a).

### b.      Fed. R. Civ. P. 15

The Fed. R. Civ. P. 15 standard for permitting a party to amend his or her complaint is well-established.  A party may amend its pleading as a matter of course under Fed. R.

---

[10] *Gorsuch*, 771 F.3d at 1241; *Carefusion 213, LLC*, 2010 WL 4004874, at *3.

[11] *Gorsuch*, 771 F.3d at 1241; *Carefusion 213, LLC*, 2010 WL 4004874, at *3.

[12] *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM-KGS, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (internal citations omitted)).

[13] *Id.*

[14] *Id.* (citing *Deghand*, 904 F. Supp. at 1221).

[15] *Carefusion 213*, 2010 WL 4004874, at *3 (citations omitted).

Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading.  However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[16]  The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[17] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[18]  The Tenth Circuit acknowledged Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[19] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[20]

---

[16] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[17] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc*., No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

[18] *Hinkle v. Mid-Continent Cas. Co*., No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[19] *Carefusion 213,* 2010 WL 4004874, at *4 (citing *Minter*, 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[20] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

## 2.    Futility of Amendment

Because Defendant's arguments focus, in part, on the futility of Plaintiff's proposed claims, the Court briefly addresses the standard applied.  The party opposing amendment bears the burden of establishing its futility.[21]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[22]  The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[23]  Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[24] should the court find the amendment futile.

With the arguments of the parties and the above standards in mind, the Court evaluates Plaintiff's motion.

---

[21] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[22] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999)); *see also Neonatal Prod. Grp.*, 2015 WL 1957782, at *2 (internal citations omitted).

[23] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).

[24] *Id*. (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

### C.    Discussion

As outlined above, the Court must first determine whether Plaintiff has shown good cause under Rule 16(b)(4) for her request to amend.

### 1.    Good Cause

To show good cause, Plaintiff is "expected to show good faith on [her] part and some reasonable basis for not meeting the deadline."[25]  Because Rule 16(b)(4) is the threshold consideration, if Plaintiff does not meet the good cause standard, it is unnecessary for the Court to reach the Rule 15(a) issue.[26]

Defendant argues Plaintiff simply failed to meet the January 10, 2020 deadline for amendment. It contends she has neither explained why she waited five months to seek amendment nor shown she made diligent efforts to meet the deadline.  Defendant maintains she has not claimed she learned of new information through discovery or that the underlying law has changed.  But Defendant ignores the fact that this Court permitted Plaintiff an additional opportunity to amend her complaint by filing a renewed motion on or before May 15, 2020. (Mem. & Order, ECF No. 55.)

At the same time, despite the discussion during the June 3 conference and Plaintiff's opportunity to file a Reply after reviewing Defendant's Response, Plaintiff still largely fails to present any well-supported argument regarding the Rule 16(b) standard.  She explains why she filed her most recent motion three days late—on May 18 rather than May 15—but

---

[25] *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-4890-KHV-KGS, 2019 WL 1081781, at *2 (D. Kan. Mar. 6, 2019) (vacated on other grounds) (citing *Deghand*, 904 F. Supp. at 1221).
[26] *Gorsuch*, 771 F.3d at 1240.

she does not address the overall concern that the topics of this motion lie well outside the scope of the motion the Court permitted her to belatedly submit. Given Plaintiff's pro se status, her inability to file electronically, and intermittent clerk staffing during the COVID-19 pandemic, the Court finds good cause for her three-day delay. What troubles this Court is the content of her motion.

The sole reason the Court previously determined Plaintiff should be provided another chance to amend was the potential the third-party benefits administrator would be added to this case. (*Id.* at 11.) But Plaintiff's instant motion does not seek to add such a defendant. And, when prompted during the June 3 conference to discuss why she did not do so, Plaintiff responded to the Court that she believes she brought this case against the proper party (T-Mobile) and she does not believe the third-party administrator has liability.[27]

Rather than address the potential joinder of defendants, which was the purpose of her January 2020 motion to amend, Plaintiff has switched gears to adding new claims. If Plaintiff only learned of the information underlying her proposed new claims since the amendment deadline expired, the Court would offer leniency. But the law is clear that if Plaintiff knew of Defendant's alleged conduct underlying the new claims prior to the

---

[27] The Court does not intend for Plaintiff's statement to be binding against her, but merely offers the statement as context to demonstrate the discussion held and Plaintiff's perceived understanding of the issues. The June 3, 2020 status conference was not recorded, and no transcript is available; however, notes taken by Chambers staff are maintained in the Chambers file.

amendment deadlines, but simply failed to raise the claims, she is barred from presenting the new claims.[28]

In her Reply, Plaintiff claims her "additional and supported claims asserted are obtained during discovery, in which the plaintiff supplement[ed] the initial disclosure with relevant facts and reserve[d] the right to amend it if after future discovery and additional findings that shall arise.  Which did happen during the discovery phase." (ECF No. 63 at 2.)  Plaintiff also contends Defendant has been aware of her additional claims, as proven in the parties' jointly-submitted "Report of Parties' Planning Meeting." (ECF No. 63-4.)  However, the Court finds she has not supported this argument.

Although Plaintiff contends she obtained new information during discovery, she does not reinforce this statement with facts or point the Court to what information she obtained which would support her proposed claims.  The only exhibit attached to her motion is her proposed Amended Complaint and the exhibits she wishes to include with her pleading. (ECF No. 58.)  She does not describe which, if any, of those exhibits were only recently gained through discovery, and all of them—except her own Declaration— appear to be termination documents and correspondence with her former employer.[29]  So long as she has produced these documents through discovery, they may be utilized in

---

[28] *Gorsuch,* 771 F.3d at 1240 (citing *Minter*, 451 F.3d at 1206).

[29] For example, in her proposed Second Amended Complaint, Plaintiff characterizes statements from the Defendant's employee (Plaintiff's supervisor) regarding her failure to report to work as a "defamation statement exchanged during the course of the plaintiff's…discharge." (ECF No. 58-1 at 6-7.)  Plaintiff also characterizes another statement contained in a report from a T-Mobile compliance manager stating she would be returning to work as a "defamation statement." (See ECF No. 58-2 at Ex. 7)

summary judgment briefing or during trial, but their existence does not alone support the new claims she proposes.  And, the exhibits to her Reply only include her correspondence with the Clerk's office, supporting why her current motion was filed 3 days late (ECF No. 36 at Exs. 1-3), and a copy of the parties' Planning Report (*Id.* at Ex. 4).  Without specifically identifying the information she gained during discovery which would support her new claims, she does not meet the Rule 16(b)(4) standard to demonstrate good cause for any newly-asserted claim.

However, the Court recognizes the purpose behind Plaintiff's submission of the planning report.  One of Plaintiff's proposed new claims, to which Defendant objects, appears to have been previously discussed by the parties.  In the Second Revised Report of Parties' Planning Meeting (ECF No. 63, Ex. 4, dated Nov. 14, 2019), which was jointly submitted by the parties, Plaintiff's claims are described in the case summary as "violations of federal law, including violations of civil rights statutes, which include but are not limited to Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act, as amended; the Genetic Information Nondiscrimination Act; the Equal Pay Act; *and the Fair Labor Standards Act*." (Emphasis added.)  Although the FLSA claim does not appear in either the original Complaint or the Amended Complaint (ECF Nos. 1, 36), the parties apparently addressed it as early as November 2019.

Of the new claims she proposed in her currently-proposed amended complaint, only the FLSA claim appears in the planning report.  Even so, as stated above, the law is clear that if Plaintiff knew of Defendant's alleged conduct underlying the FLSA claim prior to the amendment deadlines, but simply failed to raise the claim, she is barred from presenting

13

it now.  And again, she presents no argument or evidence specific to this claim which demonstrates some reasonable basis why she failed to present the claim before the January deadline.

For the reasons stated above, the undersigned U.S. Magistrate Judge finds Plaintiff fails to demonstrate good cause for her belated request to amend her complaint under Rule 16(b)(4).  Given this conclusion, the Court is not obligated to reach the Rule 15(a) factors for amendment.[30]  However, in the interest of thorough evaluation, even if the Court had found good cause it finds Plaintiff's request to amend would fail on the Rule 15(a) analysis. Therefore, the Court briefly addresses those factors, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[31]

### 2.    Timeliness

The first factor addressed under the Rule 15(a) analysis is the timeliness of the motion to amend.  Plaintiff's motion was filed well outside the scheduling order deadline; however, the question is whether she unduly delayed in seeking her amendment.  This analysis is very similar to the "good cause" analysis above.  Courts in this District and the Tenth Circuit focus on the reasons for delay and find "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay."[32] And, courts "will properly deny a motion to amend when it appears that the plaintiff is

---

[30] *Gorsuch,* 771 F.3d at 1242 ("Having concluded [plaintiffs] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue . . .")
[31] *See Minter*, 451 F.3d at 1204.
[32] *Id*. at 1206 (collecting cases; internal citations omitted).

using Rule 15 to make the complaint 'a moving target.'"[33]   For substantially the same

reasons articulated above, the Court finds Plaintiff's motion untimely.

### 3.    Prejudice

Although neither party mentions this most important factor in considering

amendment,[34] the prejudice to the non-moving party should be considered.   Given the age

of this case, its procedural posture, and the relationship of the proposed claims to the

current claims, the Court finds permitting amendment would unduly prejudice Defendant.

Overall, since its filing, the case has focused on employment discrimination.   The addition

of other claims, such as the defamation and contract claims now proposed, would prejudice

Defendant by unfairly requiring it to prepare new defenses after the discovery deadline and

on the eve of the pretrial conference.[35]

The Court asked each party during the June 3 conference whether they believed

additional discovery would be required in the event of amendment.   Defendant believes it

would need at least some additional written discovery if the motion is granted.   Plaintiff

suggested she may seek to conduct depositions; however, it is unclear why she has not

sought to conduct depositions during the discovery period.   Even permitting her leniency

as a pro se party, and although the Court prefers to resolve claims on the merits rather than

---

[33] *Id*. (quoting *Viernow v. Euripides Dev. Corp*., 157 F.3d 785, 800 (10th Cir. 1998)).

[34] *Id*.

[35] *Id*. at 1208.   ("Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." (citing *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir.1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." (other internal citations omitted)).

on technical grounds, "leave to amend should be denied where plaintiff is using Rule 15 to make the complaint a moving target."[36]

### 4.    Bad Faith

The next factor addressed under the Rule 15 analysis is the bad faith of the movant. Defendant does not suggest Plaintiff is guilty of any bad faith, and the Court sees none demonstrated in the parties' submissions.   Finding no inkling of bad faith by either party, the Court finds this factor neutral to the analysis.

### 5.    Futility

The only Rule 15 factor discussed in the briefing is the futility of Plaintiff's proposed new claims.   In its Response, Defendant focuses on five claims it contends are subject to dismissal:  1) the § 1983 claim; 2) the FLSA claim; 3) "blacklisting" pursuant to K.S.A. § 44-119; 4) criminal defamation; and 5) fraud.   Plaintiff does not address the futility standards in her briefing.

On its own review, the Court interprets the proposed Second Amended Complaint as containing the following claims:[37]

---

[36] *Raymond v. Spirit Aerosystems Holdings, Inc.*, No. 16-1282-JWB, 2020 WL 42274, at *3 (D. Kan. Jan. 3, 2020) (citing *Zokari v. Gates,* 561 F.3d 1076, 1086 (10th Cir. 2009)).

[37] Defendant analyzes a "blacklisting" claim under K.S.A.§ 44-119. (Resp., ECF No. 59.) However, although Plaintiff does cite "K.S.A. 44-119" in one location in her proposed amended pleading (ECF No. 58-1 at 6, ¶ H.), the Court believes this citation was in error.  Plaintiff specifies this statute "ensure[s] the protection for violating Plaintiff's FLSA rights under state law", and it seems Plaintiff intended to bring a wage claim, not a blacklisting claim.  Therefore, the Court does not address any blacklisting claim, but in the event there were such a claim, it would indeed be futile. Although a civil action can be brought under that statute, "[t]he statute was intended to prevent blacklisting and requires a criminal blacklisting conviction of an employer in order to bring a civil blacklisting claim." *Hawkins v. MCI*, No. 04-1328-JTM, 2005 WL 1130267, at *7 (D. Kan. May 13, 2005).  Plaintiff does not allege any facts to support blacklisting or show that T-Mobile

1.  Title VII sex discrimination;

2.  ADA discrimination;

3.  Kansas state law discrimination claims under the KAAD;

4.  An FLSA claim (ECF No. 58-1 at 1, 11, 12);

5.  Defamation (under either § 1983 or K.S.A. § 21-4004) (*Id*. at 6 ¶ 5), or under common law (*Id*. at 13 ¶ 7);

6.  Breach of Contract/Fraud under K.S.A. § 17-5812; and

7.  Breach of Contract/Federal Tort Claims Act ("FTCA")".

The first three types of claims have been presented in prior pleadings, and remain operative in this case; therefore, there is no need to address their futility.

With regard to the FLSA claim, the Court finds this claim is already embedded in this matter, and the amendment is unnecessary to include a claim which has already been presented. In Plaintiff's Amended Complaint (ECF No. 36 at 4) Plaintiff claims her "taxes, wages and deductions were discriminated against, [and her] last paycheck is inaccurate…" And, as noted above, the Second Revised Planning Report includes in the *jointly-submitted* case summary that this case includes an FLSA claim. Therefore, whether Plaintiff artfully articulated the claim or not, it appears the parties understood such a claim to be present in this matter. The claim may be later clarified in the Pretrial Order, but amendment of the complaint itself on this basis is needless.

---

has been criminally convicted, which opens any such claim to dismissal under Fed. R. Civ. P. 12(b)(6).

On review of the remaining proposed claims, the Court finds they are all subject to dismissal under Fed. R. Civ. P. 12(b)(6) and therefore amendment to add the claims is futile. Each claim is briefly addressed.

### a.    Defamation Claims

Plaintiff's earlier pleadings did not mention defamation. In her proposed Second Amended Complaint, she suggests defamation claims under a variety of legal theories: 42 U.S.C. § 1983 and/or K.S.A. § 21-4004 (ECF No. 58-1, Ex. 1 at 6 ¶ 5), or possibly a state common law defamation claim (*Id.* at 13 ¶ 7).

As for any § 1983 claim, the Court finds the claim subject to dismissal and therefore futile. Defendant T-Mobile is not a state actor, which is a requirement for a § 1983 claim.[38] Additionally, Plaintiff's claim under K.S.A. § 21-4004 is also subject to dismissal. K.S.A. § 21-4004 is a criminal statute regarding defamation which was repealed (and replaced by § 21-6013, Criminal False Communication). Regardless of the newer statute, Plaintiff has no authority to enforce criminal statutes and therefore cannot base her civil action on a criminal statute. Even reviewing the facts in the light most favorable to Plaintiff, both of these statutory defamation claims are subject to dismissal for failure to state a claim under Rule 12(b)(6).

If Plaintiff intended to present a separate common law defamation claim—the Court does not find the claim futile on its face. Plaintiff outlines the elements of defamation and

---

[38] *See Gorenc v. Proverbs*, No. 18-2403-DDC-JPO, 2020 WL 2766167, at *3 (D. Kan. May 28, 2020) ("To be liable, a defendant must 'fairly be said to be a state actor.'") (citing *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

suggests Defendant accused her of "job abandonment", which was a false statement, communicated to a third party, which resulted in her termination. (ECF No. 58-1 at 12-13 ¶d 6-7.)  However, even if this single claim survived dismissal, the Court has previously found it is simply too late in this case for Plaintiff to propose an entirely new claim. (*See* discussion *supra* section C.1, p. 14.)

### b.    Breach of Contract / Fraud under K.S.A. 17-5812

Defendant argues any claim under K.S.A. § 17-5812 is futile because the statute was repealed. (ECF No. 59 at 6.) Section 17-5812 was formerly a part of the Kansas savings and loan code and defined fraud in the performance of duties, for which actors are civilly and criminally liable.  However, the entire section of the savings and loan code was repealed in 2018, and savings and loan associations and savings banks were included in the state banking code.[39]  Even if Plaintiff had cited the correct code—there are no facts presented in Plaintiff's proposed amended pleading which support a claim under this statute (or the banking code).  Therefore, the Court finds any claim under K.S.A. § 17-5812 is subject to dismissal under Rule 12(b0(6) and therefore futile.  Likewise, to the extent Plaintiff intends to present a breach of contract action separate and distinct from the § 17-5812 claim, she presents no facts to support such a claim and the claim is futile.

---

[39] *See* 2017 Kansas Senate Bill No. 335, Kansas Eighty-Seventh Legislature 2018 Regular Session ("Including savings and loan associations and savings banks in the state banking code and repealing the savings and loan code.")

### c.    FTCA Claim

On page 2 of Plaintiff's proposed Second Amended Complaint, she asserts a "Breach of Contract/Federal Tort Claims Act ("FTCA")" claim.  This is the only mention of an FTCA claim in the entire pleading, and she offers no facts to support such a claim. Furthermore, an FTCA claim may only be brought against the federal government and Defendant T-Mobile is private corporation.[40]  Therefore, any proposed FTCA claim is subject to dismissal and therefore futile.

### d.  Conclusion on Futility of Amendment

As discussed above, the new claims proposed by Plaintiff's motion are largely subject to dismissal under Rule 12(b)(6) due to inapplicable statutes or a lack of factual support, even viewed in the light most favorable to Plaintiff.   Therefore, the Court finds the proposed claims futile.

### D.    RECOMMENDATION ON AMENDMENT

Applying the standards for belated amendment under Rule 16(b)(4) and Rule 15(a) as described above, the Court finds Plaintiff failed to show good cause for her request to amend after the scheduling order deadline.  Additionally, even if she had shown good cause, the Court finds her request fails to meet the Rule 15(a) standard for amendment because her requested amendment is untimely, would unduly prejudice the Defendant, and many of her newly-proposed claims are futile.  Although Plaintiff seeks to attach a number

---

[40] *See, e.g.*, *Hardman v. United States*, No. 12-3060-SAC, 2012 WL 1970379, at *4 (D. Kan. June 1, 2012) (noting "the only proper defendant in an FTCA suit is the United States" and plaintiff failed to state a viable FTCA claim against the non-federal actors that he has named as defendants.)

of documents to her proposed amended pleading, so long as she has either produced or obtained such documentation through discovery, she is free to use those documents in future motion briefing and trial.

Therefore, it is this Court's **RECOMMENDATION** that Plaintiff's Motion for Leave to Amend Complaint and Add Supporting Documents to Support Second Amended Complaint (**ECF No. 58**) be **DENIED**.

**IT IS FURTHER ORDERED** that this Report and Recommendation be served on Plaintiff by certified mail and on Defendant electronically through the Court's CM/ECF system. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), either party may file a written objection to the proposed recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[41]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of June, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[41] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).