IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANNA J. SHAW,

        Plaintiff,

v.

T-MOBILE,

        Defendant.

Case No.  18-2513-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Shanna J. Shaw's Motion [to] Admit Evidence and Pleading Special Matters (Doc. 45).[1]  Defendant T-Mobile USA Inc. has responded (Doc. 50).  Plaintiff never replied and the time to do so has expired.  For reasons explained below, the court denies plaintiff's motion.

**I.**      **Procedural History**

Plaintiff brings employment discrimination claims against defendant under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101–12213, and the Kansas Act Against Discrimination ("KAAD"), Kan. Stat. Ann. §§ 44-1001–44-1013.  Doc. 36 at 1.  She asserts that defendant discriminated against her based on her race, sex, and disability, and ultimately wrongfully terminated her employment because she was pregnant.  *Id.* at 2–3.

---

[1]     Plaintiff proceeds pro se.  Because plaintiff proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant.  *Hall*, 935 F.2d at 1110.

Plaintiff filed her Complaint on September 24, 2018.  Doc. 1.  She also moved the court to appoint counsel for her.  Doc. 4.  Judge Birzer, the United States Magistrate Judge assigned to this case, denied plaintiff's motion seeking appointment of counsel, without prejudice to refiling.  Doc. 5.  After the initial scheduling conference, Judge Birzer reconsidered plaintiff's request for counsel.  Doc. 15 at 2–3.  She also set deadlines for the parties to exchange Rule 26 disclosures and ordered mediation.  *Id.* at 2, 4.

Shortly after the initial scheduling conference, the court appointed provisional counsel "for the limited purpose of advising and assisting [p]laintiff in preparing and participating in mediation."  Doc. 17 at 2.  When mediation was unsuccessful, the court allowed plaintiff's provisional counsel to withdraw.  Docs. 27, 30.  The court also allowed plaintiff to amend her Complaint.  Doc. 35.

On November 22, 2019, the court entered a Revised Scheduling Order.  Doc. 34.  The court recognized that the parties "already have served their initial disclosures" but had not yet "had the opportunity to engage in meaningful discovery."  *Id.* at 2.  The court set a discovery deadline of May 15, 2020.  *Id.* at 3, 13.  And, the court set July 10, 2020 as the dispositive motion deadline.  *Id.* at 8, 13.  The Revised Scheduling Order made clear:  "Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory" for any summary judgment motions, and "briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested."  *Id.* at 8.  And, the court encouraged the parties to consider stipulating to facts and legal issues not in dispute.  *Id.*

Plaintiff filed her First Amended Complaint the same day the court entered the Revised Scheduling Order—November 22, 2019.  Doc. 36.  Defendant answered on December 6, 2019.  Doc. 37.  And, that same day, plaintiff filed a Motion for Summary Judgment.  Doc. 38.

Defendant filed its Memorandum in Opposition on January 9, 2020.  Doc. 42.  And while plaintiff never replied, she did file the present Motion [to] Admit Evidence and Pleading Special Matters a few days after defendant's response.  Doc. 45.

A few months later, plaintiff moved to amend her First Amended Complaint.  Doc. 58. Defendant opposed this motion.  Doc. 59.  And plaintiff replied.  Doc. 63.  The court stayed all deadlines pending the court's decision on plaintiff's request to amend.  Doc. 62.  On June 26, 2020, Judge Birzer issued a Report and Recommendation to this court, recommending the court deny plaintiff leave to amend.  Doc. 64.

The court will address plaintiff's Motion for Summary Judgment (Doc. 38) and Motion to Amend Amended Complaint (Doc. 58) in a separate order.  The court considers plaintiff's Motion [to] Admit Evidence and Pleading Special Matters (Doc. 45) below.

## II.   Plaintiff's Motion to Admit Evidence and Pleading Special Matters

Plaintiff's motion states that she "moves in limine [under Fed. R. Evid.] 4(b),[2] D. Kan. Rule 1.1,[3] and/or [Fed. R. Civ. P.] 9(d) for the court . . . to admit certain evidence and special pleading matters against [ ] defendant . . . ."  Doc. 45 at 1.  She contends the "evidence and pleading special matters" referenced in her motion, some of which is attached as part of her memorandum in support of her motion, is "admissible as proof" that defendant violated various federal, state, and local laws when it terminated her employment.  *Id.*; *see also* Doc. 46.  She

---

[2]      The Federal Rules of Evidence do not contain a Rule 4.  The court, construing plaintiff's pro se motion liberally, presumes plaintiff seeks to admit the evidence as relevant under Article 4 of the Federal Rules of Evidence.  *See, e.g.*, Doc. 45 at 1 n.1 (plaintiff's motion citing Fed. R. Evid. 404(b)).

[3]      D. Kan. Rule 1.1 simply provides that the court's local rules "govern the procedure in all proceedings before this court."  D. Kan. Rule 1.1(a).  This rule does not address admissibility of evidence or pleading matters, and thus does not affect plaintiff's motion on those subjects.  Below, the court addresses other local rules, rules of evidence, and rules of civil procedure that plaintiff cites in her motion.

asserts that, based on this evidence, defendant is liable and that she has proven that defendant's affirmative defenses lack merit.  Doc. 45 at 1–2.

Plaintiff divides the evidence she seeks to introduce into six categories:  (1) letters and other documents sent by defendant between August and October 2018, (2) plaintiff's termination documents, (3) documents approving plaintiff's short term disability maternity leave, (4) documents showing termination of her employee benefits and defendant's interference with those benefits, (5) documents that otherwise support plaintiff's claims, and (6) "[p]leading special matter documents" that, she contends, prove defendant violated federal, state, and local laws.  *Id.* at 2.  She attaches various documents as part of her memorandum in support of her motion, including, among other documents, correspondence from her court appointed counsel, the parties' ongoing discovery requests, and certain court orders and party briefs that form part of the record on CM/ECF.  *See generally* Doc. 46.  She requests the court admit all the exhibits identified in her motion "immediately and at [t]rial."  Doc. 45 at 6–8.  For some of the exhibits plaintiff references—like defendant's answers to plaintiff's discovery requests or defendant's depositions—she asks the court admit the documents "[o]n a separate motion later[,] [w]hen delivered to the plaintiff or filed with the court."  *See, e.g.*, Doc. 45 at 7.  Plaintiff thus recognizes that some of the materials she references did not yet exist at the time of her motion, so she could not attach them as exhibits to her motion.

Plaintiff requests the court to admit this evidence under Fed. R. Evid. 404(b) and Fed. R. Civ. P. 9(d).  Doc. 45 at 2.  Defendant responds, arguing the court should deny plaintiff's motion.  Doc. 50.  Defendant contends any ruling about admissibility of the referenced evidence is premature because discovery is ongoing and admissibility determinations are more appropriate during the summary judgment process or as part of pre-trial and trial proceedings.  *Id.* at 2.

Defendant also addresses the specific exhibits plaintiff includes with her motion. It explains that plaintiff included her discovery requests to defendant as part of the documents she requests the court deem admissible, but defendant's deadline to respond to her requests had not yet expired when she filed her motion. *Id.* It also argues that certain documents presented by plaintiff involve confidential mediation settlement proposals that are inadmissible under Fed. R. Evid. 408 or information that simply is not relevant to her claims. *Id.* at 2–3. Finally, defendant acknowledges that certain documents "consisting of correspondence and information drawn from websites regarding [plaintiff's] employment at T-Mobile" may be relevant to plaintiff's claims. *Id.* at 3. And it does not contest that plaintiff may be able to use these materials to support her case—but at the appropriate stage of the proceedings. *Id.* Defendant believes a formal ruling on their admissibility is premature at this stage. *Id.* For reasons explained below, the court agrees with defendant and denies plaintiff's motion.

1.   **Motions in Limine**

Generally, limine motions are used by parties after discovery is complete but before trial. And, typically, the moving party asks the court to declare certain evidence *inadmissible* for trial. As our court has explained:

> The motion in limine is a creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence. Such motions do aid the trial process by enabling the [c]ourt to rule in advance of trial on the relevance of certain forecasted evidence, [about] issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial. They also may save the parties time, effort and cost in preparing and presenting their cases. At the same time, it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.

*First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1081–82 (D. Kan. 2000) (citations and internal quotation marks omitted). On a typical limine motion seeking to exclude evidence from trial,

[t]he movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.

*Id.* at 1082 (citations and internal quotation marks omitted).

Though nothing forbids the kind of in limine motion filed by plaintiff, her motion is atypical. She seeks a ruling that certain evidence is *admissible* well in advance of trial. The court concludes it must deny plaintiff's motion as premature. *See United States v. Van Pelt*, Nos. 92-40042-01-SAC to 92-40042-07-SAC, 1993 WL 24948, at *2 (D. Kan. Jan. 22, 1993) (denying defendant's request for the court to rule Rule 404(b) evidence as admissible because "it is the practice of this court to rule on such motions either immediately prior to or during trial" so that the court can determine admissibility "within a factual context"). The court has determined that it can make a better decision about the admissibility of evidence in the context of facts developed on summary judgment or in preparation for trial. *See United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) ("Though such rulings can work a savings in time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence. The better practice is to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there."). At this stage of the case, where plaintiff filed her motion before discovery was complete and without tying the referenced exhibits to specific arguments on summary judgment or ones expected to arise at an imminent trial, ruling on the admissibility of the various exhibits will not save the parties time, effort, and cost in preparing and presenting their cases. *Id.* at 1291–92. And, plaintiff has not

presented any persuasive legal argument for why the court should rule such evidence admissible

now.  "A court is well within its discretion to deny a motion in limine that fails to identify the

evidence with particularity or to present arguments with specificity."  *Id.* at 1292.

The court next addresses the rules plaintiff cites to support her motion and explains why

they do not persuade the court to conclude the exhibits she references generally are admissible

for purposes of this case.

### 2.    Fed. R. Evid. 404(b)

*First*, plaintiff's motion invokes Fed. R. Evid. 404(b), asserting the evidence she attaches

or references "is admissible . . . to demonstrate this is an employment discrimination case and

that the defendant discriminated against the plaintiff's pregnancy."  Doc. 45 at 2.  Plaintiff also

states that she "tenders this motion and its herein attachments as the notice required under Fed.

R. Evid. 404(b)(2)(A) regarding 'the general nature of any [404(b)] evidence that the prosecutor

intends to introduce at trial.'"  *See, e.g.*, *id.* at 1 n.1.  And, she cites D. Kan. Rule 32.1—Use of

Discovery at Trial—as well.  *Id.* at 8.

The Federal Rules of Evidence require evidence to be relevant to be admissible.  *See* Fed.

R. Evid. 401, 402.  At the same time, not all relevant evidence is admissible.  *See, e.g.*, Fed. R.

Evid. 403 (permitting the court to "exclude relevant evidence if its probative value is

substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence").  For example,

under Fed. R. Evid. 408, evidence from compromise negotiations—like mediation—is not

admissible "to prove or disprove the validity or amount of a disputed claim."  Fed. R. Evid.

408(a).  So, as defendant correctly argues, certain evidence plaintiff seeks to admit that was

prepared as part the mediation proceedings is not admissible prove the validity of her claims.[4]

The Rule plaintiff specifically cites—Rule 404(b)—provides:

> (1) . . . Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.  (2) . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  On request by a defendant in a criminal case, the prosecutor must:  (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).  But on the record currently presented, Rule 404(b) does not apply here.

Plaintiff does not explain what evidence of a "crime, wrong, or other act" she seeks to admit to

prove a "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake,

or lack of accident."  And, even if she had, ruling on the admissibility of such evidence is

premature where the request is not made "within a [specific] factual context."  *See Van Pelt*,

1993 WL 24948, at *2 (denying defendant's request for the court to rule Rule 404(b) evidence as

admissible because "it is the practice of this court to rule on such motions either immediately

prior to or during trial" so that the court can determine admissibility "within a factual context").

The court also notes that Fed. R. Evid. 404(b)(2)(A) requires prosecutors in criminal

cases to provide notice of certain evidence to a criminal defendant upon request.  But, this is a

---

[4]      When ruling other motions filed by plaintiff, Judge Birzer has explained to plaintiff that information about settlement negotiations generally is inadmissible evidence.  Doc. 55 at 4–5.  There, the court instructed plaintiff not to file or submit to the court provisional counsel's mediation statement or other communications about mediation.  *Id.* at 5.  Plaintiff filed her present motion and attachments before Judge Birzer's ruling, and Judge Birzer's Order directed the clerk to seal the confidential materials. *Id.* at 5–6.  The court here denies as premature plaintiff's motion seeking a ruling about the admissibility of all the evidence she provides.  But the court again warns plaintiff:  any materials about mediation likely are inadmissible for trial or as part of any dispositive motion.

civil case, so that provision does not apply to plaintiff here. And thus, she is not required to provide her motion and attachments as a Rule 404(b)(2)(A) notice.

D. Kan. Rule 32.1 equally does not apply here. That Rule explicitly states "[i]f depositions, interrogatories, requests for production or inspection, or admissions, or responses thereto *are to be used at trial*, the party seeking to use them must file the portions to be used *at the beginning of trial*, insofar as their use reasonably can be anticipated." D. Kan. Rule 32.1 (emphasis added). At this stage of the proceedings, the parties are nowhere near the beginning of trial. And plaintiff thus cannot anticipate reasonably yet how she might use such materials at trial. Plaintiff should wait to submit any of the materials listed in Rule 32.1 that she intends to use at trial. If the case is expected to proceed to trial, the court will provide additional instructions to the parties about how to present such discovery evidence to the court for use at trial.

### 3. Fed. R. Civ. P. 9(d)

*Second*, plaintiff's motion invokes Fed. R. Civ. P. 9(d), asserting the evidence she references "is admissible . . . to demonstrate this is an employment discrimination case and that the defendant discriminated against the plaintiff's pregnancy." Doc. 45 at 2. She asks the court "to admit certain evidence and special pleading matters" against defendant under the "Fed[eral] Rule of Special Pleading Matters 9(d)." *Id.* at 1. But, Fed. R. Civ. P. 9(d) does not provide a legal basis for the court to rule the exhibits plaintiff includes as part of her motion as admissible evidence at this time.

Fed. R. Civ. P. 9(d) provides that "[i]n pleading an official document or official act, it suffices to allege that the document was legally issued or the act legally done." This Rule means that a plaintiff whose claim involves an official document or official act only must allege in her

e

a

complaint that the document "was legally issued or the act legally done" to plead adequately that part of his claim.  *See* 5A Arthur R. Miller, et al., *Federal Practice and Procedure* § 1305 (4th ed. Supp. 2020).  But, if a defendant intends to assert as a defense to a claim that the official document or official act is defective, the defendant should raise that defense "by a specific denial in the responsive pleading."  *Id.*  "Official documents are records kept in the usual course of business by a government agency."  *Id.* § 1305 n.1.  And, "[a]n official act is any act done by an officer in an official capacity under color and by virtue of his or her office."  *Id.* § 1305 n.2.  This Rule is not often applied by courts:  "Very little litigation has materialized under Rule 9(d)."  *Id.*

Plaintiff neither explains nor can the court surmise how Fed. R. Civ. P. 9(d)—which deals with how specific a plaintiff must be when pleading certain matters in a complaint— applies to plaintiff's motion to admit evidence or the exhibits she references.  In terms of documents from a government agency, plaintiff does attach to her memorandum in support of her motion a letter from the Kansas Department of Labor and pages excerpted from an earlier court order in this case.  *See* Doc. 46 at 10–15.  But, Rule 9(d) applies to pleading and does not provide a legal basis for the court to rule these exhibits admissible as evidence.  Nor does plaintiff appear to request to add facts or claims to her First Amended Complaint about official documents or official acts.  And defendant has not presented any argument that plaintiff's First Amended Complaint fails to state a claim based on Rule 9(d) either.  So, despite plaintiff's citation to Rule 9(d), the court denies her motion for reasons explained above.

### III.   Conclusion

In sum, the court declines to rule that all materials attached to or referenced by plaintiff's motion are admissible, without the benefit of seeing how the parties intend to use them in the context of a dispositive motion or at trial, and without the benefit of hearing any objections to

their admissibility in the context of how the case has developed.  To the extent plaintiff plans to use the exhibits she cites at trial or to support a pre-trial dispositive motion, plaintiff is free to offer such evidence at that time and, if defendant objects, explain why she believes the evidence is relevant and admissible in that context.  The court then will consider the parties' arguments about the evidence's admissibility, if any.  But, at present, plaintiff doesn't explain why a general ruling about the admissibility of the evidence is appropriate before discovery is complete and outside the context of an imminent trial or evidentiary challenge made on a dispositive motion.

To the extent the materials plaintiff provided may be pertinent to summary judgment, plaintiff does not tie the exhibits cited in her present motion to her Motion for Summary Judgment.  She does not explain which purported undisputed facts the evidence supports or how she believes the exhibits prove her claims.  As the Revised Scheduling Order explained, parties are required to comply with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 for any summary judgment motions.  While pro se pleadings are liberally construed, pro se litigants are obliged to comply with a court's procedural rules.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Because the court cannot make a reasoned decision about the admissibility of the materials plaintiff refers to in her motion on the existing record and the parties' briefs, the court denies plaintiff's motion as premature.  Instead, the court will consider the admissibility of evidence on a proper objection, adequately presented in the context of trial or a dispositive motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Shanna J. Shaw's Motion [to] Admit Evidence and Pleading Special Matters (Doc. 45) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of July, 2020, at Kansas City, Kansas.**


                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**