IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANNA J. SHAW,

                    Plaintiff,

v.                                                                Case No.  18-2513-DDC-GEB

T-MOBILE,

                    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Shanna J. Shaw's[1] Motion for Leave to Amend Complaint and Add Supporting Documents to Support Second Amended Complaint (Doc. 58) and Magistrate Judge Birzer's Report and Recommendation (Doc. 64) for that motion.

On June 26, 2020, Judge Birzer issued her Report and Recommendation, recommending the court deny plaintiff's motion.  Doc. 64 at 21.  The Report and Recommendation concludes the court should deny plaintiff's motion for two reasons.  *First*, plaintiff moved to amend past the deadline to do so.  And, she does not satisfy Fed. R. Civ. P. 16(b)(4)'s requirement that a schedule be modified "only for good cause shown."  *Id.* at 10–14.  *Second*, even if the court had found good cause existed to modify the scheduling order deadline, plaintiff's motion doesn't satisfy the factors courts consider when determining whether to grant leave to amend a pleading under Fed. R. Civ. P. 15(a)(2).  *Id.* at 14–20.  The Report and Recommendation finds plaintiff's

---

[1]       Plaintiff proceeds pro se.  Because plaintiff proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant.  *Hall*, 935 F.2d at 1110.

motion to amend is untimely, would unduly prejudice defendant, and that the new claims

plaintiff seeks to add would be futile.[2]  *Id.*

Judge Birzer's Report and Recommendation noted that plaintiff may file a written

objection to her Report and Recommendation within 14 days after plaintiff was served with a

copy of it.  *Id.* at 21.  And, the Report and Recommendation explained, failing to object within

that deadline "waives appellate review of both factual and legal questions."  *Id.*  The Clerk sent a

copy of the Report and Recommendation to plaintiff by certified mail.  *See* June 29, 2020

Docket Entry, Notice Re:  Pro Se Mailing following Doc. 64 ("Document 64 mailed to pro se

Plaintiff Shanna J. Shaw . . . by certified mail; Certified Tracking Number 7019 0700 0000 5927

4445.").  A certified mail receipt shows the Report and Recommendation was delivered to and

signed for by plaintiff on July 6, 2020.  Doc. 65.  Plaintiff filed no objection within the 14 days

after she was served with a copy of the Report and Recommendation and, indeed, has not filed

any objection as of the date of this Order.

Because plaintiff has filed no objection to the Report and Recommendation within the

time prescribed, and she has sought no extension of time to file an objection, the court can

accept, adopt, and affirm the Report and Recommendation in its entirety.  *See Summers v. Utah*,

927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may

---

[2]      Plaintiff's First Amended Complaint brings employment discrimination claims against defendant
T-Mobile under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, the
Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101–12213, and the
Kansas Act Against Discrimination ("KAAD"), Kan. Stat. Ann. §§ 44-1001–44-1013.  Doc. 36 at 1.  She
asserts that defendant discriminated against her based on her race, sex, and disability, and wrongfully
terminated her employment because she was pregnant.  *Id.* at 2–3.  Plaintiff also brings a Fair Labor
Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, claim.  *See* Doc. 64 at 13, 17 (explaining an FLSA claim
is embedded in plaintiff's First Amended Complaint and was included in the parties jointly-submitted
Second Revised Planning Report).  Her proposed Second Amended Complaint seeks to add three new
claims for defamation, breach of contract/fraud, and breach of contract/Federal Tort Claims Act.  *Id.* at
17; *see also* Doc. 58-1 at 1–2, 6, 12–13.

review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a *de novo* determination only for those portions of the report and recommendation to which a party specifically has objected).

The court also has reviewed Judge Birzer's Report and Recommendation.  The court agrees with her conclusion.  Plaintiff has not shown good cause for her request to amend after the scheduling order deadline.  And, even if she had, her motion to amend does not satisfy Fed. R. Civ. P. 15(a)'s standard for amendment.  The court thus adopts Judge Birzer's recommendation that the district court deny plaintiff's Motion for Leave to Amend Complaint and Add Supporting Documents to Support Second Amended Complaint (Doc. 58).

**IT IS THEREFORE ORDERED THAT**, after reviewing the file *de novo*, the Report and Recommendation issued by United States Magistrate Judge Gwynne E. Birzer on June 26, 2020 (Doc. 64) is **ACCEPTED, ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED THAT** plaintiff Shanna J. Shaw's Motion for Leave to Amend Complaint and Add Supporting Documents to Support Second Amended Complaint (Doc. 58) is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of August, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**